UNITED STATES ex rel. EMPIRE & S. E. RY. CO. v. INTERSTATE COMMERCE COMMISSION.

No. 5089.

Court of Appeals of District of Columbia.
Argued Oct. 6, 1930.
Decided Nov. 3, 1930.

Petition for Rehearing Denied Nov. 29, 1930.

N. N. Mayer, of Washington, D. C., for appellant.

Nelson Thomas, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia dismissing an action for mandamus brought by appellant railway company to compel the Interstate Commerce Commission, hereafter for convenience called the Commission, to re-consider an order denying the claim of appellant against the United States for the payment of deficits in operating income alleged to have been sustained by it during the period of federal control.

Section 204 of the Transportation Act 1920, 41 Stat. 460 (49 USCA § 73), requires the Commission, as soon as practicable after March 1, 1920, to ascertain for each month during the period of federal control the deficit in railway operating income of any system of railroad, not under federal operation, on a monthly basis between the period of federal control and the "test period," which is established in the act as covering a period of three years ending June 30, 1917, the date when the period of federal control began. The act then provides:

"(d) For every month of the period of Federal control during which the railroad or system of transportation of the carrier was not under Federal operation, the Commission shall then ascertain (1) the difference between its Federal control return, if a deficit, and its test period return, if a smaller deficit, or (2) the difference between its test period return, if an income, and its Federal control return, if a smaller income, or (3) the sum of its Federal control return, if a deficit, plus its test period return, if an income. The sum of such amounts shall be credited to the carrier.

"(e) For every such month the Commission shall then ascertain (1) the difference between the carrier's Federal control return, if an income, and its test period return, if a smaller income, or (2) the difference between its test period return, if a deficit, and its Federal control return, if a smaller deficit, or (3) the sum of its Federal control return, if an income, plus its test period return, if a deficit. The sum of such amounts shall be credited to the United States.

"(f) If the sum of the amounts so credited to the carrier under subdivision (d) exceeds the sum of the amounts so credited to the United States under subdivision (e), the difference shall be payable to the carrier."

The railway in question seems to have come within the provisions of the act, in that it was a railway not under federal operation, but connecting and operating with lines that were under federal control. Appellant, within time, filed its claim with the Commission for deficits accruing during the federal control period. It appeared in the files of the Commission that annual reports were received for this line during the years 1917 to 1920, covering the federal control

period, but that none were filed during the test period, although it appears that the line was in operation during that time. The Commission found that the evidence, as submitted by the appellant in support of its claim, did not comply with the Commission's established method of accounting, and was not, therefore, sufficiently complete to enable the Commission to certify whether a deficit in fact existed, or, if a deficit did exist, the amount thereof. Accordingly, the withdrawal of the claim was suggested to the appellant to which a reply was made urging the carrier's right to a certificate under section 204, regardless of the Commission's orders relative to the method of accounting, with a further statement as follows: "You are, therefore, respectfully informed that the claim will not be withdrawn, and await your decision, approving or dismissing the claim, on receipt of which further proceedings will be taken in the matter, as warranted by law."

The Commission accordingly entered an order dismissing the claim, and stating in support of its action as follows: "We are of the opinion, and find, that there is no legal basis for the determination of the net railway operating income or deficit of the Empire & Southeastern Railway Company for the purposes of section 204. Having reached this conclusion, it is unnecessary to determine whether or not it was engaged in general transportation within the meaning of the Section, or is otherwise qualified to sustain its claim."

A petition for rehearing was filed, based largely upon legal grounds. The petitioner alleged that it was entitled to have the case reopened for the filing of further evidence, but no statement was made as to the nature and purport of the evidence which it proposed to present, nor is any reason given for not having presented the evidence in its original case. The petition for rehearing was submitted to and acted upon by the whole Commission, and by it denied. The Commis-

sion stated as ground for denial of the application to reopen the case that, while the claimant had filed annual reports with the Commission for the years 1917 to 1920, inclusive, it had filed none during the test period from July 1, 1914 to June 31, 1917, and, inasmuch as the ascertainment of the net deficit or income involves a comparison by months of the railway operating income during the federal control period with the railway operating income during the test period, there was no basis upon which a proper finding could be predicated.

The Commission further held that the claimant had never at any time submitted its operations and accounts to the Commission's jurisdiction, and that, before the Commission could make any proper certification under the act of Congress, it should have the benefit of accounts kept under the supervision provided for in its accounting regulations, which would confer a presumption of correctness upon the records which could not be attributed to accounts kept without such official supervision. In other words, it could not rely upon ex parte statements made by a claimant in its own behalf many years after the transactions occurred constituting the basis of a claim. The Commission accordingly came to the conclusion that there was "no legal basis for the determination of the net railway operating income or deficit."

The granting of the petition to reopen the case was a matter within the discretion of the Commission, the exercise of which cannot be controlled by mandamus. There was not such a failure to take jurisdiction in this case as will justify the issuance of a writ of mandamus to compel the Commission to assume jurisdiction by reopening the case for further hearing and consideration. Whatever errors of law may have been committed by the Commission in the consideration of appellant's claim cannot be reviewed or corrected in this proceeding.

The judgment is affirmed, with costs.